**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| JERRY WRONE WALKER, | * | |
| ADC #124248, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:25-cv-00124-JJV |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction, | * | |
| | * | |
| Respondent. | * | |

## MEMORANDUM AND ORDER

### I.    BACKGROUND

Petitioner Jerry Wrone Walker, an inmate at the Arkansas Division of Correction's Delta Regional Unit, was convicted of first-degree murder and unlawful discharge of a firearm by a jury in the Pulaski County Circuit Court on December 17, 2003.[1]  (Doc. No. 10-1 at 1-2.)  The court sentenced Mr. Walker to a total term of 960 months' imprisonment, and Mr. Walker was given 635 days of jail time credit.  (*Id*. at 4.)  The Arkansas Court of Appeals affirmed his conviction on June 15, 2005.  *Walker v. State*, 91 Ark. App. 300, 210 S.W.3d 157 (2005).  Thereafter, Mr. Walker filed a Rule 37 Petition that the Pulaski County Circuit Court ultimately denied on March 5, 2007. (Doc. No. 2 at 2-3.)  Mr. Walker did not appeal.  (*Id*. at 3.)

On April 28, 2010, Mr. Walker filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this court denied as time barred and dismissed with prejudice on February 21, 2012.  *Walker v. Hobbs*, No. 5:10-cv-00128-SWW-JTR, 2012 WL 551024 (E.D. Ark. Feb. 3, 2012), *report and recommendation adopted*, 2012 WL 550563 (E.D. Ark. Feb. 21, 2012).  Mr. Walker did not appeal the decision.

---

[1]  The corresponding case is *State of Arkansas v. Jerry Wrone Walker*, Case No. 60CR-02-1712.

On June 13, 2024, Mr. Walker filed a petition seeking habeas relief in the Chicot County Circuit Court.  (Doc. No. 2 at 3.)  The circuit court denied his petition on June 24, 2024, and Mr. Walker has appealed to the Arkansas Supreme Court.  (*Id.*; Doc. No. 10 at 2.)  Mr. Walker also filed a petition to reinvest jurisdiction in the trial court to consider a writ of error coram nobis. (Doc. No. 2 at 3-4.)  The Arkansas Supreme Court denied the petition on October 10, 2024.  (*Id.*)

Mr. Walker now brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*.  (Doc. No. 2.)  He argues the State withheld exculpatory evidence – a sworn affidavit made by his mother and a recorded statement made by Antonio Sykes – in violation of *Brady v. Maryland*, 373 U.S. 83 (1963.)  (*Id.* at 5.)  Respondent Dexter Payne, Director of the Arkansas Division of Correction, filed a Motion to Dismiss and Brief in Support arguing this court lacks jurisdiction because Mr. Walker's Petition is successive, and Mr. Walker did not seek and receive an order from the United States Court of Appeals for the Eighth Circuit authorizing this court to consider the Petition.  (Doc. Nos. 9, 10.)  Mr. Walker filed a Response insisting this court has jurisdiction because his *Brady* claim was not presented in his first petition.  (Doc. No. 11.) Upon this court's Order (Doc. No. 12), Respondent supplemented his Motion to Dismiss (Doc. No. 13).  I have reviewed these filings, as well as Mr. Walker's objections (Doc. No. 14), and after careful consideration, I order Mr. Walker's Petition be dismissed without prejudice.

## II.    ANALYSIS

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart,* 549 U.S. 147, 152-53,

157 (2007).  A court of appeals may authorize the filing of a successive petition only if the new

petition satisfies certain statutory requirements.  28 U.S.C. § 2244(b)(3)(C).  Specifically, claims

asserted in a second or successive habeas petition that were not alleged in a previously filed habeas

petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. at § 2244(b)(2).  Claims asserted in a second or successive habeas petition that were presented

in a prior petition must be dismissed.  *Id*. at § 2244(b)(1).

The language of § 2244(b) is binding, and prior authorization to file a second or successive

habeas petition is an absolute requisite to this court's authority to consider a petition.  28 U.S.C. §

2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires

authorization from a federal court of appeals prior to filing.").  Section 2244(b)(3)(A) "acts as a

jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition"

until the court of appeals has granted the petitioner permission to file one.  *Crone v. Cockrell*, 324

F.3d 833, 836 (5th Cir. 2003).

However, "'second or successive' is a term of art, and not every habeas petition that is

second in time requires preauthorization." *Williams*, 658 F.3d at 853 (citing *Crouch v. Norris*, 251

F.3d 720, 723-25(8th Cir. 2001)).  As previously stated, Mr. Walker asserts the State withheld

exculpatory evidence, and therefore committed a *Brady* violation.  The Eighth Circuit has not

determined whether all *Brady* claims in second § 2254 petitions require preauthorization, but it has determined "nonmaterial *Brady* claims in second habeas petitions require preauthorization." *Crawford v. Minnesota*, 698 F.3d 1086, 1090 (8th Cir. 2012). As this court has explained, "In the *Brady* context, . . . materiality is the touchstone. If [Petitioner's] *Brady* claim is nonmaterial, then he'll have to get preauthorization to file his petition." *Carter v. Kelley*, No. 5:16-CV-00367-DPM-PSH, 2017 WL 4214139, *5 (E.D. Ark. Aug. 31, 2017), *report and recommendation adopted as modified*, 2017 WL 4214084 (E.D. Ark. Sept. 21, 2017).

A *Brady* claim consists of three elements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "Prejudice results if the suppressed evidence is material." *Kennell v. Dormire*, 873 F.3d 637, 639 (8th Cir. 2017). It is not necessary for a prisoner to "prove he would have been acquitted in order to demonstrate materiality." *Burton v. Dormire*, 295 F.3d 839, 846 (8th Cir. 2002). Under *Brady*, evidence is material "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469-70 (2009).

In this case, there is no doubt the evidence Mr. Walker points to does not chin the "material" bar because the record reflects the evidence was not suppressed by the State.[2] I will first take up the Statement of Antonio Sykes ("Statement"). (Doc. No. 2 at 17-37.) In the Statement, Mr. Sykes explains to law enforcement that he was a friend of Mr. Walker and purchased drugs from Mr. Walker and his wife. (*Id*. at 19.) He further alleges that the victim of

---

[2] I decline to examine whether the evidence is favorable to Mr. Walker because doing so is unnecessary in light of the fact that it was not suppressed by the State.

the murder attacked Mr. Walker a week prior to the killing, and Mr. Walker's wife had set Mr. Walker up to be attacked. (*Id.* at 20-25.) In a motion filed on April 9, 2003, months before Mr. Walker's December 2003 jury trial, Mr. Walker's counsel acknowledged the State had turned the Statement over to the defense. (Doc. No. 13-1.) Furthermore, both the State and Mr. Walker's counsel referenced the Statement during Mr. Sykes' testimony at Mr. Walker's trial. (Doc. No. 13-2.) Accordingly, the Statement was not suppressed by the State, no prejudice ensued, and the State did not commit a *Brady* violation.

I will now turn to the sworn affidavit of Mr. Walker's mother ("Affidavit"). (Doc. No. 2 at 16; Doc. No. 13-3 at 3.) In the Affidavit, dated September 8, 2003, Mr. Walker's mother described Mr. Walker's demeanor and mental state while he was in custody prior to trial. (Doc. No. 13-3 at 3.) The Affidavit was an exhibit to a Motion for Mental Evaluation filed by Mr. Walker over one year after the crime for which he was ultimately convicted took place. (*Id.* at 1-3.) Therefore, the Affidavit was not suppressed by the State, no prejudice ensued, and no *Brady* violation occurred.

Mr. Walker does not put forth a material *Brady* claim, and the record reflects he has not received authorization from the Eight Circuit to file his successive Petition. Therefore, this court lacks jurisdiction over his claim, and dismissal is appropriate.

## III.    CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Walker's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice, the requested relief be DENIED, and this case be closed.

SO ORDERED this 21st day of July 2025.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE